FILED ___  ✓ LODGED
___ RECEIVED ___ COPY

SEP 1 9 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✓ FILED ___ ___ LODGED
___ RECEIVED ___ COPY

JAN 1 2 2023

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona

3  ANTHONY W. CHURCH
   Assistant U.S. Attorney
4  Arizona State Bar No. 021025
   Two Renaissance Square
5  40 N. Central Ave., Suite 1800
   Phoenix, Arizona  85004
6  Telephone: 602-514-7500
   Email: Anthony.Church@usdoj.gov
7  Attorneys for Plaintiff

8              IN THE UNITED STATES DISTRICT COURT

9                 FOR THE DISTRICT OF ARIZONA

10

11  United States of America,                  No. CR-22-08013-PCT-JJT (MTM)

                    Plaintiff,
12                                              **PLEA AGREEMENT**

13           vs.

14  Carl Shane Foster,

15                    Defendant.

16

17       Plaintiff, United States of America, and the defendant, CARL SHANE FOSTER,

18  hereby agree to dispose of this matter on the following terms and conditions:

19  1.   **PLEA**

20       The defendant will plead guilty to Count 1 of the indictment charging the defendant

21  with a violation of Title 18, United States Code (U.S.C.) §§ 1153, 113(a)(8), (b)(4), and

22  2266, CIR- Assault by Strangling, a Class C felony offense.

23  2.   **MAXIMUM PENALTIES**

24       a.   A violation of 18 U.S.C. §§ 113(a)(8), is punishable by a maximum fine of

25  $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised

26  release of not more than three years.  A maximum term of probation is five years, including

27  a minimum term of one year if probation is imposed.

28       b.   According to the Sentencing Guidelines issued pursuant to the Sentencing

    Reform Act of 1984, the Court shall order the defendant to:

SCANNED
25 Ken

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## 3.     AGREEMENTS REGARDING SENTENCING

a.     Stipulation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a).  This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b).  Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

b.     Restitution.  Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $100,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.  The defendant understands that

- 2 -

such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

c.     Assets and Financial Responsibility.   The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.   The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

d.     Acceptance of Responsibility.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more,

- 3 -

1  the United States will move the Court for an additional one-level reduction in the applicable

2  Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

3  **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

4       a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

5  sentencing, shall dismiss the following charges: None.

6       b.    This agreement does not, in any manner, restrict the actions of the United

7  States in any other district or bind any other United States Attorney's Office.

8  **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

9       a.    If the Court, after reviewing this plea agreement, concludes that any

10  provision contained herein is inappropriate, it may reject the plea agreement and give the

11  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

12  11(c)(5).

13       b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

14  vacated, or reversed at any time, this agreement shall be null and void, the United States

15  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

16  any charges that have been dismissed because of this plea agreement shall automatically

17  be reinstated.  In such event, the defendant waives any and all objections, motions, and

18  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

19  restrictions in bringing later charges or proceedings.  The defendant understands that any

20  statements made at the time of the defendant's change of plea or sentencing may be used

21  against the defendant in any subsequent hearing, trial, or proceeding subject to the

22  limitations of Fed. R. Evid. 410.

23  **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

24       The defendant waives (1) any and all motions, defenses, probable cause

25  determinations, and objections that the defendant could assert to the indictment or

26  information; and (2) any right to file an appeal, any collateral attack, and any other writ or

27  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

28  judgment against the defendant, or any aspect of the defendant's sentence, including the

- 4 -

1   manner in which the sentence is determined, including but not limited to any appeals under

2   18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

3   (habeas petitions), and any right to file a motion for modification of sentence, including

4   under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

5   18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall

6   result in the dismissal of any appeal, collateral attack, or other motion the defendant might

7   file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

8   This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

9   assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

10   II.B of Ariz. Ethics Op. 15-01 (2015)).

11   **7.    DISCLOSURE OF INFORMATION**

12       a.    The United States retains the unrestricted right to provide information and

13   make any and all statements it deems appropriate to the U.S. Probation Office and to the

14   Court in connection with the case.

15       b.    Any information, statements, documents, and evidence that the defendant

16   provides to the United States pursuant to this agreement may be used against the defendant

17   at any time.

18       c.    The defendant shall cooperate fully with the U.S. Probation Office. Such

19   cooperation shall include providing complete and truthful responses to questions posed by

20   the U.S. Probation Office including, but not limited to, questions relating to:

21           (1)    criminal convictions, history of drug abuse, and mental illness; and

22           (2)    financial information, including present financial assets or liabilities

23   that relate to the ability of the defendant to pay a fine or restitution.

24   **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

25       a.    Nothing in this agreement shall be construed to protect the defendant from

26   administrative or civil forfeiture proceedings or prohibit the United States from proceeding

27   with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all

28   monetary penalties, including restitution imposed by the Court, shall be due immediately

- 5 -

1 upon judgment, shall be subject to immediate enforcement by the United States, and shall

2 be submitted to the Treasury Offset Program so that any federal payment or transfer of

3 returned property the defendant receives may be offset and applied to federal debts (which

4 offset will not affect the periodic payment schedule).  If the Court imposes a schedule of

5 payments, the schedule of payments shall be merely a schedule of minimum payments and

6 shall not be a limitation on the methods available to the United States to enforce the

7 judgment.

8 **9.      ELEMENTS**

9 **Assault by Strangling**

10 On or about December 13, 2019, in the District of Arizona:

11 1.      Defendant assaulted A.B. by intentionally, knowingly, and recklessly

12 strangling her;

13 2.      A.B. was an intimate partner or dating partner of the defendant at the

14 time;

15 3.      The offense took place on the Fort Apache Indian Reservation; and

16 4.      The defendant was an Indian at the time of the crime.  Specifically, the

17 defendant had some quantum of Indian blood and the defendant was a member of

18 or was affiliated with a federally recognized tribe.

19

20 The term "strangling" means intentionally, knowingly, or recklessly impeding the

21 normal breathing or circulation of the blood of a person by applying pressure to

22 throat or neck, regardless of whether that conduct results in any visible injury or

23 whether there is any intent to kill or protractedly injure the victim.

24 **10.     FACTUAL BASIS**

25 a.      The defendant admits that the following facts are true and that if this matter

26 were to proceed to trial the United States could prove the following facts beyond a

27 reasonable doubt:

28 On or about December 13, 2019, the defendant, within the confines of the Fort

- 6 -

Apache Indian Reservation, Indian country, within the District of Arizona, did intentionally strangle A.B. by placing his hands around her throat and applying pressure in an attempt to impede her normal breathing. A.B. was an intimate dating partner at the time this occurred.

The defendant further admits that he was an Indian at the time of the crime. Specifically, the defendant had some quantum of Indian blood and was a member of and affiliated with a federally recognized tribe. Specifically, the defendant is affiliated with and a member of the White Mountain Apache Tribe. The tribe is federally recognized.

b.       The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

- 7 -

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

8/17/22
Date

CARL SHANE FOSTER
Defendant

///

///

///

- 8 -

**<u>APPROVAL OF DEFENSE COUNSEL</u>**

       I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

8|17|2022
_____
Date

_____
JAZMIN ALAGHA
Attorney for Defendant

///
///
///
///
///
///
///
///
///
///
///
///
///

- 9 -

1

**APPROVAL OF THE UNITED STATES**

2

I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3

States that the terms and conditions set forth herein are appropriate and are in the best

4

interests of justice.

5

6                                                          GARY M. RESTAINO
                                                           United States Attorney
7                                                          District of Arizona

8                                                ANTHONY        Digitally signed by ANTHONY
                                                               CHURCH
                                                 CHURCH        Date: 2022.08.29 11:24:59 -07'00'
9    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
     Date                                                  ANTHONY W. CHURCH
10                                                         Assistant U.S. Attorney

11

12                                 **ACCEPTANCE BY THE COURT**

13

14   1/12/23
     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
15   Date                                                  HONORABLE JOHN J. TUCHI
                                                           United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -